UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC J. PORTER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 1:24-cv-12878-IT |
| KEVIN F. ARSENAULT, DIANA ARSENAULT, ARSENAULT FAMILY REVOCABLE TRUST, | * |
| | * |
| | * |
| Defendants. | |

MEMORANDUM & ORDER

January 10, 2025

TALWANI, D.J.

Before the court is a <u>Motion for Evidentiary Hearing re Residence</u> [Doc. No. 13] and <u>Motion for Findings of Fact and Conclusions of Law</u> [Doc. No. 25] by Plaintiff Eric Porter, proceeding <u>pro se</u>. For the reasons discussed below, the motions are denied.[1]

### I.   Factual and Relevant Procedural Background

On August 8, 2024, Plaintiff filed a complaint against Defendants Kevin and Diana Arsenault in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, Case No. PLCV2007-00501. <u>See</u> Notice of Removal at 1 [Doc. No. 1]. On November 19, 2024, the Arsenaults removed the case to this court, stating that they were served with the state court summons and an Amended Complaint[2] on November 8, 2024, and asserting diversity of

---

[1] Porter's remaining pending motion—an <u>Amended Motion for Reconsideration and Request [for] Findings of Facts and Conclusion of Law Related to Exclusion of One Party</u> [Doc. No. 28]—is not yet ripe. Defendants are directed to address the citizenship of the Trust in responding to that motion.

[2] The Amended Complaint does not appear to have been filed in state court. <u>See</u> Def.'s Mem. ISO Mot. to Dismiss, Ex. 3 (state court docket) [Doc. No. 8].

citizenship pursuant to 28 U.S.C. § 1446(b). See id.; Amended Complaint [Doc. No. 1-1]. The Arsenaults contend that the court has jurisdiction because: (1) Plaintiff asserts that he is a resident of Massachusetts; (2) the Arsenaults are citizens of Florida; and (3) the amount in controversy exceeds $75,000. Notice of Removal at 2 [Doc. No. 1].

On November 22, 2024, Plaintiff filed a Motion to Dismiss Notice of Removal [Doc. No. 4]. Three days later, Plaintiff filed a Motion for Declaratory Judgment [Doc. No. 6].[3] Both motions sought to remand the case to state court for lack of subject matter jurisdiction. On December 6, 2024, Plaintiff filed the pending Motion for Evidentiary Hearing re Residence [Doc. No. 13].

On December 13, 2024, in light of these somewhat duplicative filings,[4] the court denied Plaintiff's Motion to Dismiss Notice of Removal [Doc. No. 4] and Motion for Declaratory Judgment [Doc. No. 6] without reaching the question of the court's subject matter jurisdiction and directed Defendants to respond to Plaintiff's Motion for Evidentiary Hearing re Residence [Doc. No. 13] as a motion to remand for lack of subject matter jurisdiction. See Electronic Order [Doc. No. 18].[5]

On December 20, 2024, Defendants filed an Opposition to Plaintiff's Motion for Evidentiary Hearing re Residence ("Opposition") [Doc No. 24], including sworn affidavits signed by Kevin Arsenault and Diana Arsenault, with accompanying exhibits. In the affidavits, the Arsenault Defendants state that they have been domiciled in Florida since April 2017. See

---

[3] Shortly thereafter, Plaintiff filed a [Second] Amended Complaint [Doc. No. 9] adding the Arsenault Family Revocable Living Trust (the "Trust") as a defendant.

[4] Plaintiffs' repetitive filings are posing an unnecessary burden on the court and may be curtailed by the court if that practice continues.

[5] The court directed Defendants to respond without addressing the citizenship of the Trust. Id.

Aff. of Kevin F. Arsenault ¶ 5 [Doc No. 24-1]; Aff. of Diana Arsenault ¶ 5 [Doc No. 24-2]. They state they purchased real estate in Naples, Florida, and constructed a single-family residence on the property with the intention of it being their permanent home, attaching copies of the warranty deed to their affidavits. Aff. of Kevin F. Arsenault ¶¶ 3-5, Ex. A [Doc No. 24-1]; Aff. of Diana Arsenault ¶¶ 3-5, Ex. A [Doc No. 24-2]. They state they have held Florida driver's licenses listing their home address in Naples, Florida, attaching copies of these driver's licenses to their affidavits. Aff. of Kevin F. Arsenault ¶ 6, Ex. B [Doc No. 24-1]; Aff. of Diana Arsenault ¶ 6, Ex. B [Doc No. 24-2]. They also state that their passports were approved with their Naples, Florida residence; they are registered to vote in Naples and have voted in Naples since April 2017; they have been called to jury duty in Naples; they have obtained a Homestead Exemption on their home in Naples as permanent residents and homeowners; and they have never rented out their home in Naples. Aff. of Kevin F. Arsenault ¶¶ 8-12 [Doc No. 24-1]; Aff. of Diana Arsenault ¶¶ 8-12 [Doc No. 24-2]. The Arsenaults also state that, in April 2018, they engaged an attorney in Florida to create the Trust and have transferred ownership of their home in Naples and real estate in Massachusetts, including the property that is the subject of this litigation, to the Trust. Aff. of Kevin F. Arsenault ¶¶ 16-18 [Doc No. 24-1]; Aff. of Diana Arsenault ¶¶ 16-18 [Doc No. 24-2].

After Defendants filed their Opposition, Plaintiff filed his Motion for Findings of Fact and Conclusions of Law [Doc. No. 25] and a Reply to Opposition of Motion for Evidentiary Hearing to Determine Defendant[s'] Residency ("Reply") [Doc. No. 27].[6] In these filings, Plaintiff argues that (1) Defendants' evidence at the time of removal was supported only by

---

[6] The Reply was filed without the required leave of court. See Local Rule 7.1(b)(3). Plaintiff is cautioned that even when proceeding pro se, a litigant is required to follow the Local Rules.

3

defense counsel's assertions and was therefore insufficient or improper; (2) this court should make a determination of facts to resolve the question of subject matter jurisdiction; (3) the affidavits filed with Defendants' opposition are not credible; and (4) where the Individual Defendants "maintain significant ties to Massachusetts, including property ownership, rental income, and regular activities associated with their Massachusetts properties," the Florida property may be merely a vacation home rather than a permanent domicile. Pl.'s Reply at 3 [Doc. No. 27]. No documentary evidence was filed in support of these arguments.

## II.     Standard of Review

Courts construe the filings of a pro se litigant liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). A defendant may timely remove such a case from state to federal court, see id. § 1446(a), unless "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id. § 1441(b)(2). "Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement[.]'" Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014) (quoting 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure § 3733, pp. 639–641 (4th ed. 2009)). But once the grounds for removal are challenged, the "parties must support their jurisdictional allegations with 'competent proof.'" Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 40–41 (1st Cir. 2016).

For purposes of diversity jurisdiction, "[n]atural persons are citizens of the state in which they are domiciled." BRT Mgmt. LLC v. Malden Storage LLC, 68 F.4th 691, 695 (1st Cir. 2023). "A person's domicile is the place where he has his true, fixed home and principal

establishment, and to which, whenever he is absent, he has the intention of returning . . . . Proving domicile requires two showings: (1) physical presence in a place, and (2) the intent to make that place one's home." Aponte–Dávila v. Municipality of Caguas, 828 F.3d 40, 46 (1st Cir. 2016) (citations and internal quotation marks omitted). In the removal context, citizenship is determined at the date of removal. Harrison, 811 F.3d at 40.

### III.     Discussion

All parties agree that Plaintiff is a resident of Massachusetts and the amount in controversy exceeds $75,000. The court finds that the Arsenaults have demonstrated that they are citizens of a state other than Massachusetts.

The affidavits of Kevin and Diana Arsenault establish that they have been domiciled in Florida since 2017, well before Plaintiff filed his case in state court and the Arsenault Defendants removed it to federal court. The Arsenault Defendants' physical presence in and intent to make Florida their home is evidenced by, among other facts: their purchase and construction of a primary residence in Naples, which they have never rented out; their possession of Florida driver's licenses listing that residence as their home address; and their registration to vote and actual voting in elections in Naples. See Aff. of Kevin F. Arsenault ¶¶ 4-7, 9 [Doc No. 24-1]; Aff. of Diana Arsenault ¶¶ 4-7, 9 [Doc. No. 24-2]. They also attest that they intend for their residence in Naples, Florida to be their permanent home. Aff. of Kevin F. Arsenault ¶ 4 [Doc No. 24-1]; Aff. of Diana Arsenault ¶ 4 [Doc. No. 24-2]. This evidence is sufficient to establish that they are domiciled in Florida for purposes of diversity jurisdiction. See Aponte–Dávila, 828 F.3d at 46.

On reply, Plaintiff seeks to impeach the credibility of these affidavits by identifying clerical errors in them. See Pl.'s Reply at 2 [Doc No. 27]. Specifically, Kevin Arsenault refers in his affidavit to Diana Arsenault interchangeably as "my wife" and "my husband," and the

corresponding paragraphs in Diana Arsenault's affidavit refers to Kevin Arsenault interchangeably as "my husband" and "my wife." Neither these clerical errors nor the similarities in the two affidavits undermine their credibility. Where the Arsenaults' residential history is shared, it stands to reason that their affidavits would be largely identical; as such, the erroneous interchanging of referents does not impact the substance of the facts sworn to. In any event, Plaintiff has offered no contrary evidence to rebut the affidavits.

Plaintiff does argue that the Arsenaults may be using Florida only as a vacation home, and that they continue to "maintain significant ties to Massachusetts, including property ownership, rental income, and regular activities associated with their Massachusetts properties." Pl.'s Reply at 3 [Doc No. 27]. The relevant standard is not whether Defendants maintain significant ties to other states, but whether they maintain physical presence in Florida and can demonstrate the intent to make Florida their home. See Aponte–Dávila, 828 F.3d at 46. Because Plaintiff has provided no evidence to the contrary, the court rejects his arguments as speculative and finds no reason to conduct an evidentiary hearing.

## IV.    Conclusion

For the foregoing reasons, the Motion for Evidentiary Hearing re Residence [Doc No. 13] and Motion for Findings of Fact and Conclusions of Law [Doc. No. 25] are DENIED. The court will address any further issues related to the citizenship of the Trust in connection with Plaintiff's still pending Amended Motion for Reconsideration and Request [for] Findings of Facts and Conclusion of Law Related to Exclusion of One Party [Doc. No. 28] after Defendants have responded to that motion.

IT IS SO ORDERED.

January 10, 2025                                  /s/ Indira Talwani
                                                  United States District Judge