UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC J. PORTER,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN F. ARSENAULT, DIANA ARSENAULT, ARSENAULT FAMILY REVOCABLE TRUST,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No. 1:24-cv-12878-IT<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

January 24, 2025

TALWANI, D.J.

On December 13, 2024, the court directed Defendants to consider and respond to Plaintiff's Motion for Evidentiary Hearing re Residence [Doc. No. 13] as a motion to remand for lack of subject matter jurisdiction but noted that "Defendants need not address the citizenship of the Arsenault Family Revocable Living Trust [("Trust")], where that Defendant was only added after removal." See Electronic Order [Doc. No. 18]; see also Am. Compl. (naming Trust as party) [Doc. No. 9]. Plaintiff filed the pending Amended Motion for Reconsideration [Doc. No. 28], in which he argues that the citizenship of all parties, including the Trust, must be considered for purposes of subject matter jurisdiction. The court thereafter entered a Memorandum & Order [Doc. No. 30] finding diversity of citizenship as between Defendants Kevin and Diana Arsenault, who are citizens of Florida, and Plaintiff Eric Porter, who is a citizen of Massachusetts. See Mem. & Order at 5-6 [Doc. No. 30]. The court did not address the citizenship of the Trust but directed that that issue would be considered after Defendants filed their response to the Amended Motion for Reconsideration [Doc. No. 28]. Defendants filed an Opposition [Doc. No. 35] on

January 21, 2025, addressing the citizenship of the Trust, and the Amended Motion is now ripe for decision.

Defendants argue that the citizenship of the Trust is irrelevant to the diversity jurisdiction analysis because the Trust was added as a party through an Amended Complaint after this case was removed to federal court. Defs.' Opp. at 3 [Doc. No. 35] (citing Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 40-41 (1st Cir. 2016) (citizenship is determined at date of removal)). That conclusion would be true if there were no amendment of the complaint. But if a complaint is amended to add or substitute parties, those new parties' citizenship must be considered. See Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 141-42 (1st Cir. 2004) (the addition of a non-diverse defendant in an amended complaint defeats diversity); see also 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Where Plaintiff amended his complaint as of right under Fed. R. Civ. P. 15(a)(1), the court must now consider the Trust's citizenship and remand the case if necessary.

A traditional trust takes the citizenship of its trustees, while a business entity called a trust takes on the citizenship of its members. BRT Mgmt. LLC v. Malden Storage LLC, 68 F.4th 691, 697 (1st Cir. 2023) (citing Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 383 (2016)). The primary distinction is that a traditional trust "exists as a fiduciary relationship and not as a distinct legal entity." BRT Mgmt. LLC, 68 F.4th at 697 (collecting cases from Second, Third, and D.C. Circuits); see also GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 40 (3d Cir. 2018) ("a traditional trust facilitates a donative transfer, . . . while a business trust implements a bargained-for exchange") (citations omitted). Courts look to state law to determine

the juridical status of a trust. BRT Mgmt. LLC, 68 F.4th at 697; see, e.g., Wang ex rel. Wong v. New Mighty U.S. Tr., 843 F.3d 487, 494 (D.C. Cir. 2016) (finding trust to be traditional where it was a donative trust governed by D.C.'s version of the Uniform Trust Code, under which the trust could not sue or be sued as an entity).

The court looks to Florida law because the Trust at issue here was created under and is governed by Florida law. See Defs.' Opp. Ex. 1 (Trust Agreement) at 14, Art. VII, § G [Doc. No. 35-1]. Federal courts applying Florida law have considered whether a trustee "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." LMP Ninth St. Real Est., LLC v. U.S. Bank Nat'l Ass'n, 2016 WL 6068302, at *2 (M.D. Fla. Oct. 17, 2016) (quoting Navarro Savings Association v. Lee, 446 U.S. 458, 464 (1980)). This includes considering a trust agreement's grant of powers to the trustee. See, e.g., Acheron Portfolio Tr. v. Mukamal as Tr. of Mut. Benefits Keep Pol'y Tr., 2022 WL 358347, at *2 (S.D. Fla. Jan. 19, 2022), report and recommendation adopted, 2022 WL 356473 (S.D. Fla. Feb. 7, 2022) (noting trust agreement specifies numerous powers and duties, in addition to "any trust power now or hereafter permitted under the laws of the State of Florida"). Moreover, the Second Circuit has noted that "Florida law specifically incorporates the common law of trusts, which states that a traditional trust 'is not a legal entity ... capable of legal action on its own behalf.'" Raymond Loubier Irrevocable Tr. v. Loubier, 858 F.3d 719, 730 (2d Cir. 2017) (citing Restatement (Second) of Trusts § 2 (1957); Fla. Stat. § 736.0106); see also id. at 729 (undisputed that trusts "which created fiduciary relationships for purposes of estate planning" were traditional common law trusts).

Here, the Trust Agreement enumerates broad powers granted to the Trustee, in addition to "all of the powers conferred upon trustees by the Florida Trust Code." Defs.' Opp. Ex. 1 at 8-

11, Art. V [Doc. No. 35-1]. Those powers include retaining, exchanging, selling or leasing, investing or reinvesting, and making distributions from the assets of the trust, subject to the purposes of the Trust Agreement. Id. These are the "customary powers to hold, manage, and dispose of assets for the benefit of others." See Navarro, 446 U.S. at 464. Moreover, the Trust Agreement identifies Kevin and Diana Arsenault as the Settlors transferring properties to themselves as Co-Trustees of the Trust, with provisions for distributions to certain beneficiaries following the Arsenaults' deaths. Defs.' Opp. Ex. 1 at 1-3 [Doc. No. 35-1]. All this "facilitates a donative transfer" for purposes of estate planning, rather than a "bargained-for exchange." See GBForefront, L.P., 888 F.3d at 40. The court therefore finds the Trust is a traditional trust.

Because the Trust is a traditional trust, it takes the citizenship of its trustees for purposes of diversity jurisdiction. See BRT Mgmt. LLC, 68 F.4th at 697. The Trust Agreement specifies that Kevin and Diana Arsenault are the Trust's only trustees. Defs.' Opp. Ex. 1 at 1 [Doc. No. 35-1]. As the court has already determined the Arsenaults are citizens of Florida, see Mem. & Order at 5-6 [Doc. No. 30], the Trust therefore is also a citizen of Florida.

Accordingly, the court has subject matter jurisdiction under 28 U.S.C. § 1332(a). Plaintiff's Amended Motion for Reconsideration [Doc. No. 28] is DENIED.

    IT IS SO ORDERED.

January 24, 2025                              /s/ Indira Talwani
                                                         United States District Judge