UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC J. PORTER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *  Civil Action No. 1:24-cv-12878-IT |
| KEVIN F. ARSENAULT, DIANA ARSENAULT, ARSENAULT FAMILY REVOCABLE TRUST, | * |
| | * |
| | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER

August 12, 2025

TALWANI, D.J.

Before the court is a Motion to Dismiss [Doc. No. 37] by Defendants Kevin Arsenault, Diana Arsenault, and the Arsenault Family Revocable Trust ("Arsenault Trust"). For the reasons discussed below, the Motion is GRANTED.

**I.    Standard of Review**

In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In general, a complaint filed pro se is "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). That does not mean that pro se plaintiffs need not plead facts sufficient to state a claim, but it does afford them some leniency when facing a motion to dismiss. See Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980).

## II.     Facts As Alleged in the Amended Complaint

Plaintiff Eric J. Porter, who is proceeding pro se, alleges as follows:

In August 2008, Porter and Kevin Arsenault entered a partnership to each purchase 50% ownership of a four-family apartment building in Allston, Massachusetts ("the Property"). Am. Compl. 2, ¶¶ 2–3 [Doc. No. 9].[1] Porter and Kevin Arsenault managed the Property as a rental property and divided rental income evenly. Id. at 3, ¶¶ 4–7. In April 2018, Kevin Arsenault transferred his 50% interest in the Property to the Arsenault Trust, of which he and Diana Arsenault are trustees. Id. at 4, ¶ 13.

In September 2019, Porter and Kevin Arsenault agreed to sell the Property. Id. at 5, ¶ 21. They initially listed the Property for $2.9 million, then reduced their listing to $2.5 million. Id. at 5, ¶¶ 22–23. They received an offer of $2.25 million in September 2020 and mutually declined it. Id. at 5, ¶ 24. Kevin Arsenault stated many times that he needed to "get the most money possible" for the sale of the Property. Id. at 5–6, ¶¶ 20, 24, 30. They received another offer of $2.1 million in April 2021, which Kevin Arsenault sought to accept, but Porter initially refused to accept because the price was lower than the previous offer. Id. at 6, ¶¶ 28–29, 31. Porter then

---

[1] Because the paragraphs are not consistently numbered in the Amended Complaint and the document is not paginated, the court cites to the ECF-stamped page numbers in addition to paragraph numbers where available.

2

made an offer to purchase the Property himself for the "equivalent or slightly higher of $2.1 million minus realtor fees"; Kevin Arsenault refused. Id. at 6, ¶¶ 32–33. Kevin Arsenault became "exceptionally hostile, . . . very irrational, intensely accusative and overly abusive" towards Porter. Id. at 7, ¶¶ 33–34. Tensions between them reached a peak during a phone call in May 2021, when Kevin Arsenault "launched into a very caustic and uncontrolled monologue, spitting epithets and accusations ladened with near endless curses[,]" called Porter a "snake" and accused him of "conspiring with realtor[s]." Id. at 9–10.

Kevin Arsenault put "extreme pressure" on Porter to sell the Property to the third party and Porter agreed "out of fear of [] dire financial repercussions . . . to avoid mutual bankruptcy if litigation were to occur." Id. at 6–7, ¶¶ 28, 36. The Property was sold in August 2021. Id. at 7, ¶ 37.[2] Porter contends Defendants were intentionally trying to "upend [his] real estate holdings and force him to seek other avenues for income." Id. at 19. In order to replace his lost rental income, Porter used proceeds from the sale of the Property to purchase properties in Weymouth and Charlton, id. at 7, ¶ 38, which has caused Porter to suffer "additional labor, time spent driving, emotional stress, lack of convenience, and many other issues . . . ." Id. at 23.

### III. Discussion

Defendants move to dismiss on four grounds: (1) the entire Amended Complaint fails to conform to the pleading requirements of Fed. R. Civ. P. 8(a); (2) the claim for violations of M.G.L. c. 93A, § 11 ("Chapter 93A") fails as a matter of law because disputes between partners in a joint venture fall outside of the scope of the statute; (3) the Arsenault Trust is not a legal

---

[2] The Amended Complaint is not clear, but the sale appears to have been to the third party that offered $2.1 million.

entity and claims cannot be brought against it; (4) no specific allegations have been made against Diana Arsenault. See Mot. to Dismiss 1–2 [Doc. No. 37].

The court begins with Defendants' arguments that certain claims fail as a matter of law and then turns to the arguments as to the sufficiency of the pleadings.

### A.      Chapter 93A

Plaintiff asserts that, in violation of Chapter 93A, "Defendants acted in a deceitful manner and acted with malice against Plaintiff[.]" Am. Compl. 22 [Doc. No. 9]. Plaintiff also seeks treble damages under Chapter 93A "for deceptive practices." Id. at 25. Defendants argue that the Chapter 93A claim fails as a matter of law because disputes between partners in a joint venture do not fall within the scope of the statute. See Defs.' Mem. ISO Mot. to Dismiss ("Defs.' Mem.") 4–5 [Doc. No. 38].

Porter does not dispute that he and Kevin Arsenault were partners in a joint venture. He only responds by pointing to a specific provision in the Arsenault Trust document that he claims shows that it "is not only the desire but the intent of the trustees to exclude Plaintiff . . . from being able to purchase the [P]roperty[.]" Pl.'s Am. Reply to Mot. to Dismiss ("Opp.") 3 [Doc. No. 46].

Section 11 of Chapter 93A enables a private right of action for "[a]ny person who engages in . . . trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act . . . ." M.G.L. c. 93A, § 11. However, "[u]nder Massachusetts law, partners in a joint venture are precluded from asserting Chapter 93A claims against one another." Smith & Croyle, LLC v. Ridgewood Power Corp., 111 F. Supp. 2d 77, 84 (D. Mass. 2000) (citing Linkage Corp. v. Trs. of Boston Univ., 425 Mass. 1, 23, 679 N.E.2d 191 (1997)). "A partnership is an association of two or more persons to

4

carry on as co-owners a business for profit[.]" M.G.L. c. 108A, § 6. "In Massachusetts, the formation of a joint venture depends on the parties' manifest intent." Pray v. SMPO Props., Inc., 746 F. Supp. 2d 317, 322 (D. Mass. 2010) (citing Shain Inv. Co. v. Cohen, 15 Mass. App. Ct. 4, 443 N.E.2d 126, 129 (1982)).

Porter and Kevin Arsenault allegedly invested in the Property together as partners with equal ownership shares in the Property. Am. Compl. 2 ¶¶ 2–3 [Doc. No. 9]. They allegedly sought to profit from the Property through improvement, renovations, rental income, and ultimately resale. Id. at 2–3, ¶¶ 2–7. Drawing all reasonable inferences in Porter's favor, the court finds that the Amended Complaint has alleged a manifest intent by Porter and Kevin Arsenault to form and maintain a joint real estate ownership venture. Because Plaintiff has alleged that he and Kevin Arsenault are partners in a joint venture, the Chapter 93A claim is barred. See Smith & Croyle, 111 F. Supp. 2d at 84. Porter's argument about an express intent to exclude him from purchasing the Property does nothing to change this result.

Accordingly, the Motion to Dismiss is GRANTED as to the Chapter 93A claim.

B.    **Arsenault Trust**

Defendants argue that Porter cannot state a claim against the Arsenault Trust because it is a traditional trust and as such not a legal entity capable of being sued. See Defs.' Mem. 6 [Doc. No. 38]. Porter does not dispute that the Arsenault Trust is a traditional trust. He only responds that he "lays out a well argued complaint placing obligations both on the individuals as well as trustees of the trust." Opp. 4 [Doc. No. 46].

In Massachusetts, "a trust is not a legal entity which can be sued directly[,]" unless it is a business trust. Morrison v. Lennett, 415 Mass. 857, 859–60 & n.7, 616 N.E.2d 92 (1993). A business trust is one "operating under a written instrument or declaration of trust, the beneficial interest under which is divided into transferable certificates of participation or shares." Id. at 860

5

n.7 (quoting M.G.L. c. 182, § 1). As explained in the court's prior order determining the citizenship of the Arsenault Trust for purposes of diversity jurisdiction, see Mem. & Order 3–4 [Doc. No. 36], the Arsenault Trust is a traditional trust and not a business trust. As such, it cannot be sued as an entity.

Accordingly, the Motion to Dismiss is GRANTED as to all claims against the Arsenault Trust.

### C.     Rule 8(a) and Diana Arsenault

Defendants contend that the Amended Complaint is "so confused, ambiguous, vague, and otherwise unintelligible that its true substance, if any, is well disguised." Defs.' Mem. 3–4 [Doc. No. 38] (quoting Losano v. Evans, 345 F.R.D. 8, 9 (D. Mass. 2023)). Defendants argue further that Diana Arsenault must be dismissed from this action because Porter makes no allegations of her specific conduct in connection with the sale of the Property. Defs.' Mem. 7 [Doc. No. 38].

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a), sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Twombly, 550 U.S. at 555. "[W]hile [pro se] litigants are not exempt from procedural rules, we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (citations omitted).

Even under the relaxed standards for pro se litigants, the Amended Complaint fails to satisfy Rule 8(a) where it is unclear what causes of action are being brought against Defendants and what factual allegations support claims against each Defendant.

Plaintiff's "First Claim For Relief" asserts that "Defendants had a fiduciary duty to Plaintiff and the business and violated that duty in a number of ways which caused financial

6

harm to Plaintiff and business." Am. Compl. 22 [Doc. No. 9]. In the next paragraph, however, a claim under Chapter 93A is raised based on "Intentional Misrepresentation." Id. It is unclear if the alleged breach of fiduciary duty and intentional misrepresentation are both subsumed under a single claim under Chapter 93A, or if Plaintiff is seeking to assert three separate claims.

The "Second Claim For Relief" appears to identify damages: "Plaintiff has suffered additional labor, time spent driving, emotional stress, lack of convenience, and many other issues that cannot empirically have a price tag put on." Id. at 23. But the claim goes on: "Plaintiff also feels Defendant committed Intentional Infliction of Emotional Distress (IIED)[.]" Id. (emphasis in original).

Throughout the Amended Complaint are legal terms suggesting Plaintiff may be seeking to assert other claims. Defendants point to the terms "'intentional financial harm', breach of fiduciary duty, fraud, intentional misrepresentations, and intentional misleading statements giving rise to alleged violations of M.G.L. c. 93A, §11, among other claims[.]" Defs.' Mem. 2–3 [Doc. No. 38]. The court notes further that the Amended Complaint also references unjust enrichment, breach of contract or quasi-contract, and tortious interference with business relations. See Am. Compl. 16, 18, 19 [Doc. No. 9]. For some of these claims, the Amended Complaint sets forth their elements with citations to caselaw. Except as described above, none of these claims are separately identified in the "Claim For Relief" headings.

The lack of clarity in the explicit claims for relief, as well as the delta between those explicit claims for relief, the potential claims Defendant was able to identify, and the potential claims the court is able to discern, demonstrates that the Amended Complaint is insufficient to give Defendants fair notice of Porter's claims and the grounds upon which they rest.

7

As to Diana Arsenault, Plaintiff argues that she "as a trustee also became a partner with Plaintiff[.] . . . As a member of the trust and partnership, Diana participated in the procurement of a loan against the [P]roperty . . . <u>and was required to sign loan documents</u>." Opp. 4 [Doc. No. 46] (emphasis in original). These allegations, however, are not in the Amended Complaint. In any event, it is unclear what these allegations would contribute to any cause of action against Diana Arsenault. The Amended Complaint contains no other allegations as to her specific conduct and thus fails to state a claim for relief against her.

## IV.    Conclusion

For the foregoing reasons, Defendants' <u>Motion to Dismiss</u> [Doc. No. 37] is GRANTED. The Chapter 93A claim is dismissed with prejudice. The Arsenault Trust as a named defendant is dismissed with prejudice. All claims against Diana Arsenault, and the remainder of the Amended Complaint, are dismissed without prejudice.

Any motion seeking leave to further amend the complaint must be filed within 30 days of this order and must include as an attachment a proposed amended complaint that (1) has page numbers and sequentially numbered paragraphs; and (2) clearly and expressly states each separate cause of action Porter intends to bring, against which Defendant, and the factual basis for each claim.

IT IS SO ORDERED.

August 12, 2025                                                /s/ Indira Talwani
                                                                         United States District Judge